Fulton M. Smith III (SBN 121071)
Teri Mae Rutledge (SBN 261229)
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Tel: 415.644.0914
Fax: 415.644.0978
Email:    fsmith@cozen.com
            trutledge@cozen.com

Attorneys for Plaintiffs
NATIONWIDE AGRIBUSINESS INSURANCE, and NATIONWIDE MUTUAL
INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE; and NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE PERRY AND SONS, INC.; and PAUL GOMES,<br><br>Defendants. | CASE NO.: 2:17-cv-01910-KJM-CKD<br><br>*Assigned to:  Honorable Kimberly J. Mueller*<br><br>**STIPULATION AND ORDER TO LIFT STAY TO TAKE LIMITED DISCOVERY FROM GARY MATTES** |
| UNIGARD INSURANCE COMPANY and ONEBEACON INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE PERRY AND SONS, INC., a California Corporation, GARY MATTES, individually and dba GARY'S APIARIES and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-00188-KJM-CKD<br><br>*Assigned to:  Honorable Kimberly J. Mueller* |

## THE PARTIES

Plaintiffs in the related, captioned insurance coverage actions are NATIONWIDE AGRIBUSINESS INSURANCE, and NATIONWIDE MUTUAL INSURANCE COMPANY ("Nationwide") in Case No. 2:17-cv-01910-KJM-CKD and UNIGARD INSURANCE COMPANY and ONEBEACON INSURANCE COMPANY (collectively, "Unigard), in Case No. 2:18-cv-00188-KJM-CKD.

GEORGE PERRY & SONS, INC. ("Perry") is a Defendant in both cases, but GARY MATTES, individually, and doing business as GARY'S APIARIES, is a Defendant in only the Unigard action (Case No. 2:18-cv-00188-KJM-CKD).

Nevertheless, these parties collectively enter into the following stipulation.

## PURPOSE OF STIPULATION

Plaintiffs moved for summary judgment in their respective insurance coverage cases for a finding of no coverage for Perry arising from an underlying liability action: *Gary Mattes, et al v. George Perry and Sons, Inc.*, San Joaquin County Superior Court case number STK-CV-UPI-2013-0012146 ("*Mattes v. Perry*"). Defendants opposed the motions. The Court presided over hearings on both motions, as well as over a hearing on Defendant Perry's motions to stay each respective coverage action until resolution of the underlying *Mattes v. Perry* liability action.

During hearings on the motions for summary judgment, the Court reached an agreement with the Plaintiffs that both coverage actions would be stayed pending rulings on the motions for summary judgment. The Court eventually denied Plaintiffs' motions for summary judgment, and asked all the parties to consider and respond with their respective positions on whether the stays as to each coverage action should continue. In response, the parties prepared a Joint Status Report, with the Plaintiffs setting forth their respective positions on why the stay should be lifted entirely, or, in the alternative, that the stay be modified so as to permit limited discovery from Defendants Perry and Mattes. Defendant Perry's position opposed any lifting or modification of the stay. Mattes affirmatively took no position.

During the November 1, 2018 Status Conference, Plaintiffs and Defendant Perry responded to the Court's preliminary findings and argued their respective positions. Defendant Mattes took no position. The Court indicated that there were bases to grant some, limited relief from the stay—primarily discovery that might be taken from Defendant Mattes due to concerns regarding his health. The Court asked the parties to attempt to reach agreement through stipulation that would permit the deposition of Gary Mattes on the limited grounds consistent with Plaintiffs' requests in regard to facts surrounding Mattes' activities evidencing any control he may have exercised over his bees and hives. That same day, the Court issued two, almost identical, Minute Orders directing that "within seven (7) days the parties shall file a stipulation and proposed order that provides for the taking of Mr. Mattes' deposition, or if the parties are unable to reach an agreement, a motion to compel noticed before the Magistrate Judge."

Consistent with the Court's respective minute orders, the Parties stipulate as follows:

## STIPULATION

1. Pursuant to FRCP Rule 30 Plaintiff Unigard shall serve a notice of the deposition of Gary Mattes by November 13, 2018.

2. The location of the deposition shall be at SHER EDLING LLP, 100 Montgomery Street, Suite 1410, San Francisco, California (628) 231-2500; and will commence on December 13, 2018, but only after the parties in the underlying *Mattes v. Perry* matter complete their own deposition of Mr. Mattes. Upon that completion, the Plaintiffs in the instant, related coverage actions shall commence their deposition of Mr. Mattes, and are permitted to depose Mr. Mattes for 2.5 hours, excluding any redirect that Defendants in the instant, related coverage actions may offer. In order to preserve enough time, Plaintiffs in the instant, related coverage actions shall notice Mr. Mattes' deposition to continue or commence on December 14, and shall commence and continue at SHER EDLING LLP's offices. This deposition of Mr. Mattes shall be before a

certified court reporter, and shall be taken by stenographic and audiovisual means.

3. All parties to this Stipulation shall be permitted to question Mr. Mattes pursuant to the above time limitations; but all parties' questions shall be limited in scope. All questions must relate to Mr. Mattes' exercise of possession, custody, and or control over his bees and their hives while Mattes' bees pollinated Perry's crops/fields from approximately 2009 through 2012.

4. At least ten calendar days prior to Mr. Mattes' deposition, any party to this stipulation may serve a written request for production of documents relating to Mr. Mattes' exercise of possession, custody, and or control over his bees and their hives while Mattes' bees pollinated Perry's crops/fields from approximately 2009 through 2012.

5. Any document produced prior to and at the Mattes deposition pursuant to this stipulation shall be deemed inadmissible in the underlying Mattes liability action, unless said document is obtained by parties in the underlying Mattes liability action through valid procedural and discovery means in that underlying Mattes liability action.

6. Absent a court order from a court with competent jurisdiction to the contrary, Mr. Mattes' deposition testimony and deposition transcript taken pursuant to this stipulation shall be inadmissible in the underlying Mattes liability case—including, but not limited to, trial of the underlying Mattes liability case, appeal and remand for further issues and or new trial.

7. Within fifteen (15) days after service of the deposition transcript (or notice thereto) to Mr. Mattes' counsel, Mr. Mattes shall make all corrections thereto and sign the deposition. If, after said fifteen (15) days, Mr. Mattes has not made corrections and signed the deposition, the transcript shall be deemed final and correct pursuant to FRCP Rule 30(e).

8. Except for the limited discovery permitted in paragraphs 3 and 4 above, or to the extent any party obtains further relief from the stay, the Court's stay shall remain in full force and effect pending full and final resolution of the underlying Mattes liability

1  actions against Perry.

2      IT IS SO STIPULATED.

3  Dated:  November 9, 2018          COZEN O'CONNOR

4

5                                    By:  /s/ Fulton M. Smith III
                                         Fulton M. Smith III
6                                        Attorneys for
                                         NATIONWIDE AGRIBUSINESS
7                                        INSURANCE and NATIONWIDE
                                         MUTUAL INSURANCE COMPANY
8

9  Dated:  November 9, 2018          SELVIN WRAITH HALMAN LLP

10

11                                   By:  /s/ Gary L. Selvin
                                         Gary R. Selvin
12                                       Robin D. Korte
                                         Attorneys for Plaintiffs
13                                       UNIGARD INSURANCE COMPANY and
                                         ONEBEACON INSURANCE COMPANY
14

15

16 Dated: November 9, 2018           DOWNEY BRAND LLP

17                                   By:  /s/ John C. McCarron
                                         John C. McCarron
18                                       Attorneys for
                                         GEORGE PERRY AND SONS, INC.
19

20 Dated:  November 9, 2018          SHER EDLING LLP

21

22                                   By:  /s/ Katie H. Jones
                                         Katie H. Jones
23                                       Attorneys for
                                         GARY MATTES dba GARY'S APIARIES
24

25

26

27

28

ORDER

The parties having stipulated pursuant to the options set forth in the Court's November 1, 2018 Minute Oder (EFC 48), and GOOD CAUSE being demonstrated, the Court hereby orders that the stay currently in effect for this matter be lifted for the limited purpose of taking discovery from Gary Mattes in a manner consistent with the limits and guidelines set forth by the parties in the STIPULATION.

IT IS SO ORDERED

DATE:  November 14, 2018.

_____
UNITED STATES DISTRICT JUDGE